A. J. DARNALL v. M. E. BENNETT, Sheriff, Appellant.

**Construction of Pleadings.**  In an action to recover personal property taken under execution, where the petition first alleges that plaintiff is the absolute and unqualified owner of said property, but it clearly appears from the whole petition, that she claims under chattel mortgages only, the mortgages are admissible in evidence.

**Evidence: HARMLESS ERROR.**  Where a fact is clearly established by other evidence, particular evidence of it, erroneously admitted, is without prejudice.

**IMMATERIALITY.**  In an action to replevin mortgaged goods taken on execution against the mortgagor, the source from which the latter obtained them, originally, is immaterial.

**STRIKING OUT.**  Where, upon a question being asked, which does not call for a communication between husband and wife, opposing counsel is permitted to inquire whether the witness is competent to testify, and in questioning for that purpose, draws out an answer to the original question, which shows that there was such communication, the answer will not be stricken out on his motion.

*Appeal from Madison District Court.*—HON. J. H. APPLEGATE, Judge.

THURSDAY, MAY 21, 1896.

ACTION to recover the possession of three sets of double buggy harness, two sets of heavy work harness,

and six men's leather-covered tree saddles, of the value of one hundred and eighty-two dollars and fifty cents, or the value thereof, alleged to be wrongfully detained by the defendant, as sheriff, under an execution, as the property of J. A. Darnall. The case was tried to the court, and judgment entered in favor of the plaintiff for the return of the saddles, or for their value, thirty-nine dollars and fifty cents, and for one hundred and twenty-one dollars, as the value of the harness. Defendant appeals.—*Affirmed.*

*Steele & Robbins* and *Granger, Bennett & Evans* for appellant.

*John Leonard & Son* for appellee.

GIVEN, J.—I. Plaintiff, in her petition filed September 15, 1893, claimed the right to the immediate possession of the property in question, by virtue of two chattel mortgages executed to her by her husband, J. A. Darnall, and one executed by him to the First National Bank of Winterset, ·of which she is now the owner. In the first paragraph of her petition, plaintiff alleges that she is the absolute and unqualified owner of said property; but it is clearly apparent from the whole petition that she claims under said mortgages only. Defendant's claim to the property is by virtue of an execution in his hands as sheriff, in favor of the Des Moines Saddlery Company, and against J. A. Darnall. As no bond was given by the plaintiff, the property remained in the hands of the defendant, and he sold sufficient thereof to satisfy said execution. He alleged in his answer that he had "remaining of all the saddles levied upon as aforesaid and the further sum of $163 in cash; and on the 25th day of December, 1893, he returned all of said saddles and the said cash to the ——, from

whence they were taken by him on said execution."
On plaintiff's motion, all that part including and fol-
lowing the words "and on the 25th day of December"
was stricken out.  Had defendant alleged a return of
the saddles and cash to the plaintiff, it would have
been error to sustain the motion.  If we may assume
that plaintiff's name was intended to appear in the
blank, the error was without prejudice, as the judg-
ment allows the defendant to return the saddles.

II.  The mortgages were admitted in evidence
over appellant's objection.  The ground of the objec-
tion is that the plaintiff alleged that she was the
absolute and unqualified owner of the property,
and that the mortgages did not tend to show
such ownership.  True, the plaintiff does so
allege, but she sets out the three mortgages, and
makes it entirely apparent that it is under them, and
them only, that she claims the right to the possession
of the property.  There was no error in admitting
the mortgages in evidence.

III.  Mr. J. A. Darnall was examined by the
plaintiff, as to the value of the harness and saddles,
and defendant asked on cross-examination, where the
saddles and harness came from, and who were the
manufacturers, to which plaintiff's objections were
sustained.  It is manifest that the purpose was to
show that these goods came from the Des Moines
Saddlery Company.  The right of the parties to
these goods, was in no wise affected by the
source from which they came.  The right of
each is the same, whether they were manufactured
by, or came from the Des Moines Saddlery Company,
or some other person.  Therefore, there was no error
in the ruling.

IV.  Plaintiff was called as a witness in her own
behalf, and asked: "Mrs. Darnall, I wish you would
state when it was you first knew Mr. Darnall was

going to make a mortgage to you?" Defendant's counsel asked leave to interrogate the witness with reference to her competency to answer the question. A number of questions were put by defendant's counsel, which elicited the fact that, on the morning of the day on which the mortgage to plaintiff was made, she told her husband that she wanted him to make one, and he said he would. Defendant's counsel then moved to strike all the answers, and objects to the question propounded by her counsel, "for the reason that it calls for a communication between husband and wife." The motion and objection were overruled, and of this the defendant complains. The motion was, to strike evidence called out by the defendant. The question objected to did not call for a communication between the witness and her husband; it was not answered, and it does not appear that an answer would have had any reference to a communication between husband and wife. We do not think the defendant was prejudiced by the ruling. Mr. J. A. Darnall testified, in substance, as follows: That at 9 A. M., of August 3, 1893, he went to the office of his attorney, Mr. Dabney, and requested him to prepare a mortgage to Mrs. Darnall, to secure two thousand two hundred dollars that he owed her; that he told Mr. Dabney the situation of his business, and remained about half an hour; that, when he left, the mortgage was being prepared, and that he returned in about three-quarters of an hour, and executed the mortgage; that, at the time he went to Mr. Dabney's office, he had no idea of making an assignment for the benefit of creditors. "I had no such idea until after the mortgage was executed. Mr. Dabney made the suggestion that I make an assignment." It appears that, on that day, Mr. Darnall did execute a general assignment for the benefit of his creditors, to Henry K. Klingensmith, as assignee, and

that said assignment and mortgages were filed for record on that day. Mr. Darnall, having testified that the assignment prepared was never delivered to the person therein name as assignee, nor accepted by him, and that the property assigned was never delivered to him, was asked as follows: "Q. You may state whehter or not it is a fact that the alleged assignment was made, and, shortly after its execution by you, annulled and revoked entirely." Defendant objected as immaterial, incompetent, and calling for for a legal conclusion. It is not clear that the court ruled upon this question, but the witness answered that "it was annulled and revoked almost immediately, and that nothing was ever done under it." There was no prejudice to the appellant by this evidence, even if erroneously admitted, because it abundantly appears by other evidence that the assignment was never acted upon by any person interested therein.

We have considered the other errors assigned and discussed, but do not find that the rulings complained of were prejudicial to defendant. The judgment of the district court is AFFIRMED.